**FILED**
**MARCH 14, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 1524**

| | |
|---|---|
| **ROBERT GRZYBEK,** | **CIVIL ACTION** |
| Plaintiff, | |
| v. | NO. |
| **DIRECTSAT USA, LLC, and BRYAN BRAMSON,** | |
| Defendants. | |

**JUDGE KENNELLY**
**MAGISTRATE JUDGE KEYS**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant DirectSat USA, LLC ("DirectSat") hereby files this Notice of Removal to remove the captioned action from the Circuit Court of Cook County, Illinois, in which it is now pending, to the United States District Court for the Northern District of Illinois. Plaintiff Robert Grzybek seeks to recover damages claimed to be owed based on, *inter alia*, alleged retaliatory discharge, intentional interference with prospective economic advantage and violations of the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et seq.* ("ERISA").

Plaintiff's claims, if any, arise under and are governed by ERISA, thereby conferring original jurisdiction in this Court. Moreover, Plaintiff's claims are also removable to this Court because the Defendants for Plaintiff's causes of action – assuming Plaintiff has a cause of action, which he does not – are a Pennsylvania corporation and an Indiana resident. Accordingly, this Court also has diversity jurisdiction over Plaintiff's claims. In further support of removal, DirectSat avers as follows:

1.   Plaintiff initiated the instant action on or about February 13, 2008 by filing a Complaint in the Circuit Court of Cook County, Illinois (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint and all other process, pleadings and orders served on DirectSat in the State Court Action are attached hereto as Exhibit "A."

2.   DirectSat's first notice of the Complaint and of any claim removable to this Court was no earlier than on or about February 14, 2008.

3.   This Notice of Removal is timely filed within thirty (30) days (as calculated under applicable law and court rules) of DirectSat's first notice that the claim was removable to this Court. 28 U.S.C. §1446(b).

4.   Venue is properly laid in this district because a substantial part of the events giving rise to Plaintiff's purported claim allegedly occurred in this district and DirectSat is deemed to reside in this district. 28 U.S.C. §1391(b).

5.   This matter is removable to this Court pursuant to 28 U.S.C. §1441(b) and (c), because the Complaint purports to set forth a claim or cause of action for violations of ERISA. *See* Exhibit "A" at pp. 5-6 (Count III).

6.   Thus, Plaintiff's claims arise, if at all, under the laws of the United States. As such, the claims are within the original jurisdiction conferred on the district courts of the United States by 28 U.S.C. §1331.

7.   To the extent Plaintiff also purports to allege claims under Illinois law, this entire case is nonetheless removable, *see* 28 U.S.C. §1441(c), and this Court may exercise supplemental jurisdiction over any such state law claims, if any.

8. According to Plaintiff's Complaint, Plaintiff is a resident of the State of Illinois, and Defendant Bramson is a resident of the State of Indiana. DirectSat, which Plaintiff alleges as a "foreign corporation," is a Pennsylvania corporation.

9. The present lawsuit is also removable from the state court to this Court pursuant to 28 U.S.C. §1441, *et seq.*, because the Complaint involves parties of diverse citizenship and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §1332. Accordingly, removal is proper on this basis as well.

10. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the State Court and served upon the Plaintiff.

Respectfully submitted,

/s/ Ursula A. Taylor

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC # 6287522)
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Eric J. Bronstein
Colin D. Dougherty
*Pending admission pro hac vice*
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Counsel for Defendant DirectSat USA, LLC

DATED: March 14, 2008

Civil Action Cover Sheet - Case Initiation                                              (Rev. 2/8/06) CCL 0520

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT GRZYBEK,                     Plaintiff,
                    v.                                              No.                    **08 C 1524**

DIRECTSAT USA, LLC, a Pennsylvania
corporation and BRYAN BRAMSON, individually,
                                    Defendants.

```
2008L001608
CALENDAR/ROOM  S
TIME 00:00
Retaliatory Discharg
```

## CIVIL ACTION COVER SHEET - CASE INITITATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrativepurposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. ONLY ONE (1) CASE TYPE MAY BE CHECKED WITH THIS COVER SHEET.

**JUDGE KENNELLY**
**MAGISTRATE JUDGE KEYS**

(FILE STAMP)

Jury Demand ☑ Yes ☐ No

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027   Motor Vehicle
- ☐ 040   Medical Malpractice
- ☐ 047   Asbestos
- ☐ 048   Dram Shop
- ☐ 049   Product Liability
- ☐ 051   Construction Injuries
         (including Structural Work Act, Road
         Construction Injuries Act and negligence)
- ☐ 052   Railroad/FELA
- ☐ 053   Pediatric Lead Exposure
- ☐ 061   Other Personal Injury/Wrongful Death
- ☐ 063   Intentional Tort
- ☐ 064   Miscellaneous Statutory Action
         *(Please Specify Below**)*
- ☐ 065   Premises Liability
- ☐ 078   Fen-phen/Redux Litigation
- ☐ 199   Silicone Implant

### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002   Breach of Contract
- ☐ 070   Professional Malpractice
         (other than legal or medical)
- ☐ 071   Fraud
- ☐ 072   Consumer Fraud
- ☐ 073   Breach of Warranty
- ☐ 074   Statutory Action
         *(Please Specify Below**)*
- ☐ 075   Other Commercial Litigation
         *(Please Specify Below**)*
- ☑ 076   Retaliatory Discharge

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007   Confession of Judgment
- ☐ 008   Replevin
- ☐ 009   Tax
- ☐ 015   Condemnation
- ☐ 017   Detinue
- ☐ 029   Unemployment Compensation
- ☐ 036   Administrative Review Action
- ☐ 085   Petition to Register Foreign Judgment
- ☐ 099   All Other Extraordinary Remedies

### OTHER ACTIONS
CASE TYPES:
- ☐ 062   Property Damage
- ☐ 066   Legal Malpractice
- ☐ 077   Libel/Slander
- ☐ 079   Petition for Qualified Orders
- ☐ 084   Petition to Issue Subpoena
- ☐ 100   Petition for Discovery

** _____

EXHIBIT A

Di Monte & Lizak, LLC
By: /s/ M. Albarello
       (Attorney)                        (Pro Se)
    Margherita M. Albarello, Esq.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS    CCG N001-10M-1-07-05 (                    ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW                     DIVISION

(Name all parties)

ROBERT GRZYBEK,                     Plaintiff,

v.

DIRECTSAT USA, LLC, a Pennsylvania corporation
and BRYAN BRAMSON, individually,

                                    Defendants.

No. 2008L001608
CALENDAR/ROOM S
TIME 00:00
Retaliatory Discharg

## SUMMONS

To each Defendant:   See Attached Service List

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 02741
Name: Margherita M. Albarello, Esq., Di Monte & Lizak,
Atty. for: Plaintiff, Robert Grzybek
Address: 216 W. Higgins Rd.
City/State/Zip: Park Ridge, IL 60068
Telephone: (847) 698-9600

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

FEB 13 2008

Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## SERVICE LIST

DirectSat USA, LLC
c/o Eric J. Bronstein, Esq.
Elliott Greenleaf & Siedzikowski, P.C.
925 Harvest Drive
Blue Bell, PA 19422


Bryan Bramson
3777 Evergreen Street
Hobart, Indiana
46342-1608

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERT GRZYBEK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRECTSAT USA, LLC, a Pennsylvania ) <br> corporation, and BRYAN BRAMSON, ) <br> individually, ) <br> ) <br> Defendants. ) | Case No. 2008L001608 <br> CALENDAR/ROOM S <br> Jury Demanded TIME 00:00 <br> Retaliatory Discharge |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, Robert Grzybek ("Grzybek"), by and through his attorneys, Margherita M. Albarello and Di Monte & Lizak, LLC, and complains against the Defendants, DirectSat USA, LLC ("DirectSat") and Bryan Bramson ("Bramson"), as follows:

COUNT I
Worker's compensation retaliatory discharge - Against DirectSat

1. Grzybek is a resident of the State of Illinois and lives in Melrose Park, Illinois.

2. DirectSat is a foreign corporation which transacts business in the State of Illinois, County of Cook. DirectSat provides satellite installation and service support services to DirectTV.

3. Bramson is a resident of the State of Indiana.

4. DirectSat hired Grzybek on or about December 3, 2006. At all relevant times, Grzybek was a DirectSat Office Supervisor in its Villa Park, Illinois office. At all relevant times, Grzybek's duties as Office Supervisor included routing DirectSat technicians to addresses for purposes of providing installation and service support.

5. Bramson was Grzybek's supervisor at DirectSat and Bramson worked at DirectSat's

Villa Park, Illinois office. As a DirectSat supervisor, Bramson had the authority to fire or retain Grzybek as a DirecSat employee.

6. At all relevant times, Grzybek satisfactorily performed his job duties for DirectSat.

7. Prior to working for DirectSat, Grzybek was employed by Apex Digital ("Apex") as an Office Supervisor at Apex' Villa Park, Illinois office. Apex provided satellite installation and service support services to DirectTV.

8. Prior to working for DirectSat, Bramson was employed by Apex as an Office Manager at Apex' Villa Park, Illinois office. Bramson worked at Apex while Grzybek worked at Apex.

9. Bramson was Grzybek's supervisor at Apex.

10. In March 2006, while employed by Apex, Grzybek broke his leg while on duty at Apex and subsequently filed a workers' compensation claim against Apex in connection with that injury. Grzybek exercised his rights under the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, by seeking medical care and by filing a workers' compensation claim.

11. Bramson learned of Grzybek's injury and workers' compensation claim shortly after Grzybek's injury and while Bramson and Grzybek were employed by Apex.

12. On February 14, 2007, Bramson told Grzybek that he was "laid off" from his Office Supervisor position with DirectSat. Grzybek asked Bramson if DirectSat could be assigned to its South Holland, Illinois office. At the time of Grzybek's termination by DirectSat, DirectSat had a vacant Office Supervisor position at its South Holland location. Bramson refused Grzybek's request. At all relevant times, Bramson was acting as an agent of DirectSat and within the scope of his authority.

13. After DirectSat terminated Grzybek, DirectSat hired an individual to perform Grzybek's duties at its Villa Park office.

14. On the date of his termination by DirectSat, Grzybek was not medically restricted from performing his job duties as an Office Supervisor.

15. Section 305/4(h) of the Illinois Workers' Compensation Act provides:

> It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act, or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise or the rights or remedies granted to him or her by this Act.

> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

16. Bramson and DirectSat terminated Grzybek on or about February 14, 2007, because he suffered a work-related injury at Apex and exercised protected worker's compensation rights, in violation of the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*

17. Bramson's and DirectSat's termination of Grzybek was done with fraud, actual malice, deliberate violence or oppression, and/or willfully, or with such gross negligence as to indicate a wanton disregard of Grzybek's rights.

18. As a proximate cause of Bramson's and DirectSat's conduct, Grzybek has suffered and will continue to suffer substantial and irreparable injury, loss of income and other monetary benefits, and other compensatory damages.

WHEREFORE, Grzybek prays for the following:

a. Lost wages and other benefits of employment, with pre- and post-judgment interest;
b. Emotional distress damages;
c. Punitive damages;

    d.      Reasonable attorneys' fees;
    e.      Costs of suit;
    f.      Such other relief as the Court deems proper and just.

## COUNT II
### Intentional Interference With Prospective Economic Advantage - Against All Defendants

19.    Grzybek incorporates by reference ¶¶ 1 through 18 as ¶ 19.

20.    After DirectSat fired Grzybek, two companies which provided contract services to DirectSat in the State of Illinois made offers of employment to Grzybek, namely, Alaya Communications and Ultimate Wiring Solutions.

21.    Grzybek had a reasonable expectancy of a valid employment relationship with Alaya Communications and with Ultimate Wiring Solutions.

22.    After Alaya Communications and Ultimate Wiring Solutions made offers of employment to Grzybek, Bramson learned of such offers. Bramson met with Manny Colon of Alaya Communications and Daniel Lapatko of Ultimate Wiring Solutions and told Mr. Colon and Mr. Lapatko that their respective companies should not hire Grzybek because Grzybek would end up suing them for getting hurt on the job just like Grzybek sued Apex for his workers' compensation injury.

23.    As a result of Bramson's statements to Mr. Colon and Mr. Lapatko as set forth in paragraph 22, above, Alaya Communications and Ultimate Wiring Solutions withdrew their offers of employment to Grzybek.

24.    Bramson and DirectSat intentionally and maliciously interfered with Grzybek's reasonable expectancies of employment with Alaya Communications and/or Ultimate Wiring Solutions, and such intentional and malicious interference prevented Grzybek from obtaining employment with Alaya Communications and/or Ultimate Wiring Solutions.

25. Bramson was acting within the scope of his employment and on behalf of DirectSat in intentionally and maliciously interfering with Grzybek's prospective employment with Alaya Communications and/or Ultimate Wiring Solutions.

26. Grzybek has been injured as a proximate result of Bramson's and DirectSat's wrongful conduct. Among other things, Bramson's and DirectSat's wrongful conduct has resulted in Grzybek's loss of income and other benefits of employment, and emotional distress.

WHEREFORE, Grzybek prays for the following:

a. Lost wages and other benefits of employment, with pre- and post-judgment interest;
b. Emotional distress damages;
c. Punitive damages;
d. Reasonable attorneys' fees;
e. Costs of suit;
f. Such other relief as the Court deems proper and just.

## COUNT III
### Violation of Employee Retirement Income Security Act - Against DirectSat

27. Grzybek incorporates by reference ¶¶ 1 through 26 as ¶ 27.

28. At all relevant times, DirectSat had more than twenty (20) employees and was subject to the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA").

29. Grzybek and his minor son participated in DirectSat's health insurance plan with UnitedHealthcare during Grzybek's employment with DirectSat. The health plan provided to Grzybek from DirectSat was part of an "employee welfare benefit plan" governed by ERISA.

30. DirectSat's termination of Grzybek constituted a "qualifying event" under ERISA. However, DirectSat intentionally and maliciously failed to timely notify Grzybek of his rights to continued health coverage pursuant to §1132(c)(1) of ERISA and failed to tell Grzybek that his

health insurance coverage was terminated.

31. Grzybek and his minor son received medical treatments and prescriptions after DirectSat terminated Grzybek's employment.

32. In May 2007, UnitedHealthcare informed Grzybek that his health insurance was terminated.

33. In June 2007, UnitedHealthcare informed Grzybek that medical treatments and prescriptions received by Grzybek and his minor son since February 28, 2007, were not covered by insurance, and that UnitedHealthcare wanted a refund from Grzybek of the claims it "overpaid."

34. DirectSat's failure to provide Grzybek of timely notice of his rights to continued health coverage under COBRA is a violation of 29 U.S.C. §§1132(c) and 1166.

35. Grzybek was injured and suffered damages as a direct and proximate result of the conduct of DirectSat.

36. Grzybek suffered severe emotional distress as a result of DirectSat's wrongful conduct, especially because his minor son is almost blind in one eye and requires frequent medical attention and prescription lens changes related to his eye condition.

WHEREFORE, Grzybek prays for the following:

a. Reimbursement of all medical expenses and over costs attributable to Grzybek's period of non-coverage;
b. Emotional distress damages;
c. Punitive damages;
d. Reasonable attorneys' fees;
e. Costs of suit;
f. Statutory penalties;
f. Such other relief as the Court deems proper and just.

Respectfully submitted,

ROBERT GRZYBEK

By: _____
Margherita M. Albarello, one of his attorneys

6

Margherita M. Albarello
Di Monte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
847-698-9600
Firm I.D. No.: 02741

7

C:\Documents and Settings\mam229\Local Settings\Temporary Internet Files\OLK5EB\Complaint v DS and Bramson FI 02-11-08.wpd   02/11/2008

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ROBERT GRZYBEK, | ) | 2008L001608 |
| | ) | CALENDAR/ROOM S |
| Plaintiff, | ) | TIME 00:00 |
| v. | ) Case No. | Retaliatory Discharg |
| | ) | |
| DIRECTSAT, USA, LLC, a | ) | |
| Pennsylvania corporation and | ) Jury Demanded | |
| BRYAN BRAMSON, individually, | ) | |
| | ) Amount in dispute: | |
| Defendants. | ) In excess of $50,000.00. | |

### RULE 222(B) AFFIDAVIT

Plaintiff, ROBERT GRZYBEK, by his attorney and agent, Margherita M. Albarello, pursuant to Section 1-109 of the Code of Civil Procedure, certifies that the total amount of money sought herein exceeds Fifty thousand Dollars ($50,000.00).

DI MONTE & LIZAK, LLC

By: _____
Margherita M. Albarello

Margherita M. Albarello, Esq.
Di Monte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
(847) 698-9600
Firm No. 02741